No. 23,570.

JOHN KESL et al., Copartners as KESL BROTHERS, *Appellees*, v. THE HANOVER STATE BANK et al., *Appellants*.

#### SYLLABUS BY THE COURT.

1. TRUST FUNDS—*Proceeds of Check Sent to Bank for Collection—Insolvency of Bank—Preferred Claim.* Where a check of one having a checking account large enough to cover it is sent by mail for collection to the bank on which it is drawn, which has at the time of its receipt and at all times thereafter sufficient cash to meet it, and the bank charges it to the drawer, and at once mails to the owners a draft for the amount, payment of which is prevented by the bank commissioner taking charge of the bank issuing it before it could be presented in due course of business, the owners of the check have a preferred claim for its amount against the assets of the suspended bank.

2. SAME   In an action brought by the payees of the check in the circumstances set out in the foregoing paragraph it is held that no ground for the reversal of a judgment for the plaintiffs is shown by the manner in which they deposited the check in a bank through which it reached the drawee.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed November 12, 1921. Affirmed.

*Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellants.

*N. J. Ward,* of Belleville, for the appellees.

The opinion of the court was delivered by

MASON, J.: This is a companion case to *The Goodyear Tire & Rubber Company v. The Hanover State Bank et al.,* which has just been decided. (*Ante* p. 772.) It grows out of the same bank failure and involves a similar question. Here John Kesl

and his two brothers, doing business at Cuba, Kan., under the name of Kesl Brothers, received in the course of business three checks drawn upon the Hanover State Bank by William Doebele (doing business as the Standard Produce Company) for $487.20, $6.84 and $612.90. These checks were deposited by Kesl Brothers in a bank at Cuba, which forwarded them for collection to a bank at St. Joseph, which forwarded them for collection to a bank at Kansas City, which sent them to the Hanover State Bank with directions to collect and remit. One of the checks was received by the Hanover State Bank on May 12, 1920, and the other two the next day, when all of them were charged to Doebele's account, and drafts covering the amount, drawn against an Atchison bank in which the Hanover bank had funds, were sent to the Kansas City bank. On May 17, before these drafts could be collected in due course of business, the Hanover State Bank was closed, possession being taken by Dugald Spence, a deputy bank commissioner, who was afterwards appointed receiver. At the time the checks were presented Doebele had a checking account for more than their aggregate, although he was indebted to the bank in a larger sum upon a note. The bank had cash on hand in excess of the amount of the checks at all times, besides considerable sight exchange. Kesl Brothers brought this action against the bank and its receiver, asking to be paid in full out of the assets on the ground of their claim being a preferred one on the trust-fund theory. They were given judgment in accordance with their prayer and the receiver appeals.

1. In line with the reasoning in the Goodyear Tire & Rubber Company case the court concludes that the transaction concerning the collection of the checks belonging to the plaintiffs had the same effect as though the Hanover State Bank, in its capacity as agent for the plaintiffs, had presented the checks to itself in its capacity as drawee for payment, received for them the actual money for which they called, and then with this money bought the drafts which were issued and started on the way to the plaintiffs by the channel through which the checks had come; that the situation is the same in substance as though the drafts had been bought and paid for with money of the plaintiffs procured in any other way, the circumstance that

it had been withdrawn from the bank on Doebele's check for this purpose not affecting the legal rights of the parties.

This view requires the holding that the plaintiffs are entitled to payment in full out of the assets in the hands of the receiver, assuming of course, as seems to be conceded, that there are not enough similar claims to exhaust the fund and require a prorating.

2. The receiver however contends that the plaintiffs should not recover because they deposited the checks in the Cuba bank as cash items and not for collection. The pass book in which the deposits were entered contained this notation: "For drafts and checks credited or taken as collection, this bank acts only as agent, and assumes no liability on them, nor on drafts received in payment of them." The plaintiffs interpret the quoted words as though they read: "For drafts and checks credited as cash or taken as collection, this bank acts only as agent." The defendants interpret them as though they read: "For drafts and checks credited as collection or taken as collection, this bank acts only as agent." The plaintiffs' interpretation seems at least as plausible as that of the defendants, but the matter does not appear to be important. Each succeeding bank in the series through which the checks reached the Hanover bank received them for collection. If the Cuba bank became and remains the owner of the checks then technically it and not the plaintiffs has a preferred claim against the receiver. Nothing has been suggested to indicate that it makes any difference to the defendants whether the claim is asserted by the plaintiffs or the Cuba bank. The plaintiffs are the ultimate parties in interest in any event, since even if they deposited the checks as cash they would be answerable to the Cuba bank, if through no fault of its own it did not receive the amount they called for. The agreed statement seems to indicate a practice to treat deposits of like character as made for collection. Moreover the petition alleged that the checks were deposited with the Cuba bank for collection, which may be regarded as an inferential allegation of the bank's agency for the plaintiffs. Such agency was not denied under oath. We see nothing substantial in the contention regarding the character of the deposit—at least nothing to require a reversal.

The judgment is affirmed.

The State, *ex rel.,* v. Howat.

MASON, J. (dissenting) : For reasons indicated in the dissenting opinion in the Goodyear Tire & Rubber Company case I dissent from the first paragraph of the syllabus and the corresponding part of the opinion.

BURCH, J., joins in the dissent.