No. 24,636.

FREDERICK HONER, *Appellant,* v. THE HANOVER STATE BANK, and DUGALD SPENCE, as Receiver of THE HANOVER STATE BANK, *Appellees.*

SYLLABUS BY THE COURT.

INSOLVENT BANK—*Trust Funds—Assets Must Have Been Appreciably Augmented.* Before a trust can be declared against assets in the hands of a receiver of a bank, it must be shown that the assets received by him were increased by the funds sought to be declared trust funds; it is not enough to show that the assets of the bank were increased or that the money received by the bank was used in reducing its indebtedness. (*Investment Co. v. Bank,* 98 Kan. 412, 158 Pac. 68, followed.)

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed July 7, 1923. Affirmed.

*J. R. Hyland, Edgar Bennett,* both of Washington, and *R. L. Helvering,* of Marysville, for the appellant.

*A. J. Freeborn,* and *F. C. Baldwin,* both of Washington, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: By this action, the plaintiff seeks to recover $4,997.75 and to have that sum declared a trust fund in the hands of the receiver. Judgment was rendered in favor of the plaintiff for $4,650.25, but the court refused to declare that sum, or any part of it, a trust fund. The plaintiff appeals from the judgment of the court finding that the money due was not a trust fund and that it should not be paid as a preferred claim. The defendant does not appeal.

The court found—

"That the said defendants are indebted to the said plaintiff in the sum of forty-six hundred fifty and 25/100 dollars ($4,650.25), together with interest thereon from the 11th day of March, A.D. 1920, at the rate of six per cent per annum; and that the said sum is not impressed with a trust character and is not a preferred claim and that the said plaintiff is simply a general creditor of said defendant bank."

The evidence as abstracted does not appear to have been disputed. It tended to show that the plaitiff and his wife sold 160 acres of land in Republic county; that the deed was drawn by August Jaedicke, jr., president of the Hanover State Bank; that, after the deed had been signed, the plaintiff gave it to August Jaedicke, jr., with instructions to send it to a bank at Cuba, Kan., for delivery to the purchaser on the payment of $5,000; that the purchaser paid the $5,000 and received the deed; that the bank at Cuba remitted to the Hanover State Bank a draft for $4,997.75, $2.25 having been deducted for expenses; that when the deed was delivered to August Jaedicke, jr., the plaintiff instructed him to apply the proceeds of the purchase price, first in the payment of two mortgages on the land, one for $2,500 and the other for $1,500, and second, in the payment of certain debts of the plaintiff to the bank, and then to transmit the remainder to Trevett, Mattis & Baker Co., to be by them applied on a mortgage on other land; that the mortgages on the land sold had been executed to August Jaedicke, jr., and by him assigned; that the assignments had not been recorded; that those mortgages were released by him and the releases transmitted with the deed to the bank at Cuba; that upon receipt of the draft from the bank at Cuba, the Hanover State Bank did not make the payments as directed by the plaintiff, but sent the draft to the Exchange National Bank at Atchison, its correspondent, where the proceeds

were used by the Hanover State Bank to discharge its obligations; that afterward, the Hanover State Bank failed and a receiver was appointed; and that at the time of his appointment there was no balance in the Exchange National Bank of Atchison to the credit of the Hanover State Bank.

This case is controlled by *Investment Co. v. Bank*, 98 Kan. 412, 158 Pac. 68, where this court said:

"The owner of money fraudulently obtained and used in the business of an insolvent bank, by its cashier, is not entitled to repayment by the receiver, in preference to other creditors, except so far as he shows that the assets which reached the hands of the receiver were larger by reason of such transaction than they would otherwise have been; it is not enough ·to show that the assets of the bank were increased, or that the money was used in reducing its indebtedness." (Syl.)

·Another matter should be noticed. Section 6485 of the General Statutes of 1915 in part reads:

"In cases where assignments of real-estate mortgages are made after the passage of this act, if such assignments are not recorded, the mortgagor, his heirs, personal representatives, or assigns, may pay all matured interest or the principal debt itself prior to the recording of such assignment to the mortgagee."

Under this statute, in the absence of evidence to show that the plaintiff had any knowledge that the mortgages had been assigned, payment of them to Jaedicke must be held to have discharged them. The indebtedness from the plaintiff to the Hanover State Bank was discharged when that bank received the draft from the bank at Cuba. The mortgages consumed $4,000 of the purchase price of the land. There probably was some interest due on them. The amount of the debts of the plaintiff to the bank is not disclosed, but the mortgages and interest thereon ·and the debts of the plaintiff to the bank consumed a large part of the amount of the draft.

· The judgment is affirmed.