No. 24,947.

J. C. Baily, *Appellee,* v. W. A. Paxton, Receiver of the Farmers State Bank of Spring Hill, and George Osborn, *Appellants.*

SYLLABUS BY THE COURT.

Insolvent Bank—*Preferred Claims—Money Paid to Bank Cashier—Misappropriated by Cashier—Bank's Assets not Increased.* Where money belonging to the plaintiff was paid to a bank and wrongfully retained by the cashier, being placed to his personal credit, the evidence is held not to warrant a finding that the assets which reached the hands of the bank's receiver were thereby increased.

Appeal from Johnson district court; Jabez O. Rankin, judge. Opinion filed February 9, 1924. Reversed.

*Alpheus Lane,* of Paola, for the appellants.
*S. D. Scott, J. W. Parker,* and *G. A. Roberds,* all of Olathe, for the appellee.

The opinion of the court was delivered by

Mason, J.: In 1917 R. N. Turner executed to the Farmers State Bank of Spring Hill two mortgages, for $3,500 and $1,000 respectively, covering the same land. Shortly thereafter the bank sold one of these mortgages to J. C. Baily and the other to George Osborn, but in neither case was an assignment recorded. On November 19, 1918, and February 1, 1919, payments of $900 and $2,500 on these mortgages were made to the bank by checks drawn by the owners of the mortgaged land upon their accounts in the bank. The cashier deposited these checks to his own credit and thereafter passed payments of interest to that account and drew checks against it with which he paid the owners of the mortgages the interest due

them, but nothing on the principal. In September, 1921, a receiver was appointed for the bank, which was insolvent. The owners of the mortgages—whose interests are the same, and who will be spoken of as the plaintiffs, although one was named as a defendant—obtained preferential judgment against the receiver on account of the mortgage payments made to the bank. An appeal is taken only from the provision giving their claims preference over general creditors.

The plaintiffs had the burden of tracing the payments on the mortgages into the hands of the receiver—that is of showing that because of their money having been received and retained by the cashier the assets in the hands of the receiver were that much larger than they would otherwise have been. (*Investment Co. v. Bank,* 98 Kan. 412, 158 Pac. 68.) They concede this and assert that the burden was met. They showed that from April 2, 1921, until August 24, 1921, inclusive, the bank's cash and sight exchange was never lower than $7,963.02, and on the date last named was $8,-199.23. As the statement did not extend back to the time the mortgage payments were made it was of no force beyond showing the situation when the bank was closed. Where one deposits money belonging to others with his own and checks against the general account the balance remaining is treated as belonging to the trust fund. (Note, L. R. A. 1916 C 77.) But by the prevailing rule if the fund is once exhausted later deposits are not subject to the trust. (Same, 87, 88.) Moreover, while the bank would doubtless be liable for the wrong of its officer the evidence is that the cashier deposited the fund to his own personal credit and not to that of the bank. In the plaintiff's brief it is said that this account was used by the cashier as a bank account, but we find nothing to that effect in the evidence. In the receiver's abstract it is said: "The ledger account of Irwin Williams [the cashier] with the Farmers State Bank of Spring Hill, Kansas, above referred to, shows that the amounts deposited therein had all been drawn out and the account balanced before the bank closed." If this were shown to be the case it would be fatal to the plaintiffs' claim of preference because it would indicate that the cashier not only placed their money to his personal credit but afterwards drew it out of the bank, negativing its having increased the assets in the hands of the receiver. Although the bank's record of the account referred to was produced at the trial only certain specific items of it, referring to the payments on the

mortgages and the checking out to the plaintiffs of the annual interest thereon, were introduced in evidence. The plaintiffs contend that in this situation it should be presumed that the money was not drawn out, but remained on deposit and reached the hands of the receiver. Under the rule just stated this would imply not only that at the time the bank was closed the account showed a balance in favor of the cashier as large as the plaintiffs' claims, but also that that condition had existed ever since the making of the mortgage payments. We do not think either' presumption can be indulged, particularly when the truth of the matter is readily ascertainable from the records of the bank which were before the court at the time of the trial.

The judgment is reversed and a new trial directed in order that this evidence may be considered and given effect.