No. 24,949.

THE CITY OF SPRING HILL, *Appellee,* v. W. A. PAXTON, as Receiver of the FARMERS STATE BANK OF SPRING HILL, *Appellant.*

SYLLABUS BY THE COURT.

1. BANKS AND BANKING—*Liability of Bank for Unauthorized Acts of Its Cashier.* A bank is liable to a person wronged by the unauthorized acts of its cashier, where it receives and retains the benefits arising from the wrongful acts.

2. SAME—*Claim Against Receiver of Insolvent Bank—Not Protected by Bank Guaranty Fund Unless Bank Commissioner Is Party to Action.* A claim against the receiver of a bank cannot be adjudged a deposit so as to bind the bank guaranty fund unless the state bank commissioner is a party to the action.

3. TRUST FUND—*Claim Arising from Wrongful Acts of Bank Cashier—Assets of Bank Not Augmented—Claim Not a Trust Fund.* A claim against the receiver of a bank cannot be declared a trust fund where the claim arises out of the wrongful acts of the bank's cashier by which the money of the claimant was deposited in the bank in an account belonging to the bank and all the funds in that account had been dissipated at the time the receiver was appointed.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed February 9, 1924. Modified.

*Alpheus Lane,* of Paola, for the appellant.
*S. D. Scott,* and *F. R. Ogg,* both of Olathe, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sought to recover judgment for money received by Irwin Williams as cashier of the bank and misappropriated by him. The plaintiff asked that the money be adjudged to have been a deposit made by it in the bank, or in the event that the evidence did not warrant such a judgment that it be declared a preferred claim against the funds in the hands of the receiver. Judgment was rendered in favor of the plaintiff for $1,172.84, the amount of money misappropriated and interest thereon, and was declared a preferred claim. The defendant appeals.

Findings of fact and conclusions of law were made as follows:

"The City of Spring Hill had a checking account in the Farmers State Bank and Irwin Williams the cashier was also the City Clerk, and under the practice of the City government the Clerk handled all the funds of the City. About December, 1920, Irwin Williams as Clerk of the City was authorized and directed to draw on the account of the City the sum of $1,090.00 and pay certain bonds of the City which were held at Topeka. On May 5, 1921, Irwin Williams as City Clerk drew on the account of the City a check for $1,090.00 and had issued to himself cashier's checks in said amount. These cashier's checks were held by Williams until June 22, 1921, when they were cashed by him in the Farmers State Bank, and the proceeds deposited to the credit of several customers of the bank, who had overdrafts in the bank, and the balance of $427.93 was placed in the Irwin Williams account, which I have held in another case was an account of the bank. At the time the above amount was placed in the Irwin Williams account it appears that there was considerable of an overdraft in said account. The amounts credited to the account of customers were never actually paid the customers of the bank, but it appears that these amounts were placed to the credit of the customers in order that overdrafts might not show on the books of the bank.

"Irwin Williams was duly authorized by the City to draw on the account of the City, and the transaction was fully authorized and legitimate until the cashier's checks were returned to the bank.

"Irwin Williams as City Treasurer had no control over the books of the bank, and his manipulations of the books of the bank was wholly as cashier.

"I conclude that the plaintiff is entitled to a judgment for $1,090.00 and interest, and that the same should be held to be a trust fund and entitled to be considered a preferred claim against the assets of the bank."

1. The defendant urges that judgment should not have been rendered in favor of the plaintiff. Williams as city clerk checked on the account of the city and received therefor the bank's checks for $1,090. Williams as city clerk presented those checks for payment. They were paid so far as the city and Williams as city clerk were concerned, and then Williams as cashier of the bank took the pro-

ceeds arising from the bank's checks and placed those proceeds in his account, which the trial court found was an account of the bank. The bank received those proceeds; they were used to discharge an overdraft on the account and to pay the overdrafts of certain customers of the bank. That was to the benefit of the bank. The bank obtained a cancellation of the overdraft on its account and canceled the overdrafts of the customers. Through the misconduct of the cashier, the bank received the proceeds arising from the check on the funds of the city. That rendered the bank liable to the city for those proceeds. It follows that the funds in the hands of the receiver are liable for the payment of the claim of the city.

2. Plaintiff asked that the money be declared to have been a deposit. Plaintiff probably is looking toward establishing a claim against the guaranty fund in the hands of the state treasurer under the bank guaranty law of this state. So far as the liability of the bank is concerned, it does not matter whether it is liable to the plaintiff as a depositor or as the holder of any other obligation of the bank. To have the claim of the plaintiff against the bank declared a deposit, it is necessary to have the custodian of the bank guaranty fund in court. He is not here. W. A. Paxton, as receiver, represents the Farmers State Bank, and not the bank commissioner. Judgment against the receiver will not bind the bank commissioner. No judgment can be now rendered that will be binding against the bank guaranty fund.

3. Whether or not the money received by the bank was a trust fund and should be declared a preferred claim is determined by *Investment Co. v. Bank*, 98 Kan. 412, 158 Pac. 68, where this court said:

"The owner of money fraudulently obtained and used in the business of an insolvent bank, by its cashier, is not entitled to repayment by the receiver, in preference to other creditors, except so far as he shows that the assets which reached the hands of the receiver were larger by reason of such transaction than they would otherwise have been; it is not enough to show that the assets of the bank were increased, or that the money was used in reducing its indebtedness." (Syl.)

In *State Bank v. State Bank*, 114 Kan. 463, 218 Pac. 1000, this court said:

"Before a claim can be allowed as a preferred claim against the receiver of an insolvent bank, it is necessary to establish, first, that the claim in question is a trust fund, and, second, that the fund in some form was a part of the assets of the bank which passed into the hands of the receiver." (Syl. ¶ 1. See,

Lamborn v. State Bank.

also, *Nelson v. Paxton, Receiver,* 113 Kan. 394, 214 Pac. 784, and *Honer v. State Bank,* 114 Kan. 123, 216 Pac. 822.)

This money never reached the receiver. It was dissipated before the receiver was appointed.

The judgment in favor of the plaintiff for $1,172.84 is affirmed, and that part of the judgment declaring the $1,172.84 a preferred claim is reversed.