### No. 26,425.

THE GUYMON-PETRO MERCANTILE COMPANY, *Appellant*, v. THE FARMERS STATE BANK OF CUNNINGHAM, and E. C. CROW, Receiver, etc., *Appellees*.

#### SYLLABUS BY THE COURT.

BANKS AND BANKING—*Insolvency—Payment of Claims—Preferred Claims.* Plaintiff received three checks on the Farmers State Bank of Cunningham in payment of accounts due it from Cunningham retail merchants. The checks were deposited for collection in a Hutchinson bank, which sent them to a Kansas City trust company, which forwarded them direct to the Cunningham bank for returns. The latter bank charged the checks against the checking accounts of the makers and sent drafts to the trust company in payment, but before the drafts were presented to the drawee the Cunningham bank failed and was taken in charge by the bank commissioner and the drafts were dishonored, and the trust company and the Hutchinson bank charged back the amount of the checks to plaintiff. *Held,* that the trial court correctly decided that plaintiff was entitled to a common claim against the assets of the insolvent bank, and not entitled to a preferred claim, and the transaction did not give rise to a trust fund in the hands of the receiver in favor of plaintiff.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed February 6, 1926. Affirmed.

*Don Shaffer* and *Mable Jones Shaffer*, both of Hutchinson, for the appellant.
*Clark A. Wallace*, of Kingman, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: In this action the plaintiff sought to have a trust declared in its favor against assets in the hands of the receiver of an insolvent bank.

The facts were these: The Guymon-Petro Mercantile Company, plaintiff, conducts a wholesale mercantile business in Hutchinson.

---

Banks and Banking, 7 C. J. p. 751 n. 75; 3 R. C. L. 642.

Certain retail merchants of the village of Cunningham were indebted to it. On June 23, 25 and 26 plaintiff received checks for $52.28, $289.94 and $7.95 from three of these debtors, in satisfaction of their accounts, all drawn on the Farmers State Bank of Cunningham.

Plaintiff deposited these checks in the Commercial National Bank of Hutchinson. That bank sent the checks for collection to the Commerce Trust Company of Kansas City, which in turn sent them direct to the Cunningham bank for returns. The makers of the checks had sufficient funds on deposit with the Cunningham bank to meet them, and that bank charged the amounts of the checks against the accounts of the makers and sent drafts to the Commerce Trust Company covering these and other items; but before these drafts were presented to the drawees for payment the Cunningham bank failed and it was taken charge of by the bank commissioner and later by the defendant receiver. The drafts were dishonored, and the amounts of the checks were charged back by the Kansas City trust company to the Hutchinson bank and by it in turn to the plaintiff.

This lawsuit against the Cunningham bank and its receiver followed. The foregoing and other facts of minor consequence were admitted to be true; and the defendant receiver, called as a witness for plaintiff, testified that when the bank closed and the bank commissioner took charge it had $1,049.11 in cash and sight exchange, and when the receiver took charge he had more money in his hands than was necessary to meet plaintiff's claim for preference.

On the pleadings, agreed facts and receiver's testimony, the cause was submitted to the trial court; and it was held that plaintiff was entitled to recover the aggregate amount of its claim, but—

"That said claim of said plaintiff be and hereby is adjudged and decreed to be only a common claim entitled only to be paid from the assets of the Farmers State Bank, of Cunningham, Kan., in its due proportion with all other claims and indebtedness of said bank; that the prayer of said plaintiff to have claim allowed as a preferred claim and paid in full from the assets of said bank be and the same is hereby denied."

Judgment was entered accordingly and plaintiff appeals, presenting an ingenious argument based on the premise that the relation of principal and agent was created by the conditions imposed by the Hutchinson bank when it received the checks from plaintiff. That condition was the not unusual one imposed by any bank in tentatively crediting to its depositors' accounts the items specified in

miscellaneous checks received from its depositing patrons.  In plaintiff's pass book the amounts of these checks were itemized and credited under this proviso:

"This bank, in receiving out-of-town checks and other collections, acts only as your agent and does not assume any responsibility beyond due diligence on its part the same as on its own paper."

But granting that the relation of principal and agent existed between the plaintiff depositor and the Hutchinson bank, and between the Hutchinson bank and the Kansas City trust company, and between the Kansas City company and the Cunningham bank, if that train of relationships did in fact arise consecutively, it is *non sequitur* to argue therefrom that plaintiff has a preferred claim against the defendant bank.  Carrying to its legitimate conclusion the idea that each bank was successively the plaintiff's agent, it must be kept in mind that the act of an agent within the scope—and sometimes within the mere apparent scope—of his authority is tantamount to the act of his principal, so the sending of the checks to Kansas City was virtually a sending by plaintiff itself; and the forwarding of the checks from Kansas City to the defendant bank was a similar sending and presentation by the plaintiff; and the acceptance or tentative acceptance of drafts drawn by the Cunningham bank in lieu of cash was the act of the plaintiff principal notwithstanding the transaction was performed by an agent.  It is argued that the Cunningham bank was itself an agent to collect from itself the sums due on the checks.  That carries the course of reasoning to a rather fine point, but even so, as "agent to collect from itself" it was acting for plaintiff and it accepted "from itself" drafts in lieu of cash, and even in this subtle logic no tangible theory of trust fund or basis for holding plaintiff to be a preferred creditor is discerned.  The defendant's failure to pay the checks in cash, and the subsequent failure of the drawees to honor defendant's drafts, merely results in the continuance of the defendant's binding liability to pay its obligations to the payee of the checks issued by its depositors.  Such a situation discloses the ordinary relation of debtor and creditor between the bank and plaintiff—nothing more.

We do not overlook the authorities cited in the painstaking brief of counsel for appellant.  Their industry has brought together a number of interesting and instructive cases, including *Bank v. Bank,* 62 Kan. 788, 54 Pac. 634; *Tire & Rubber Co. v. Bank,* 109 Kan. 772, 204 Pac. 992; and *Kesl v. Bank,* 109 Kan. 776, 204 Pac. 994, but

these have no more than a superficial analogy to the case at bar. Thus in *Bank v. Bank,* supra, the assets of the bank which served as collecting agent of the depositor were in fact augmented because the sum represented by the depositor's check was allowed to it in its clearing-house settlement, and so a trust was quite properly impressed on the assets for the benefit of the depositor. But here there was no augmentation of assets, no collection of money, no wrongful withholding, no breach of trust. It is simply the case of failure of the arrangement which the defendant debtor had devised to effect payment, and which the creditor accepted on the assumption that such payment would thereby be secured, but such failure of anticipated results suggests no reason why plaintiff should stand on a better footing than defendant's other creditors. Appellant is insistent that no distinction in principle can be drawn between this case and that of *Kesl v. Bank,* 109 Kan. 776, 204 Pac. 994. In the case at bar it does not appear whether the drawee had funds of the Cunningham bank with which to meet the drafts sent to Kansas City to pay the checks. That was one controlling circumstance in the Kesl case, since in that transaction the bank's liability to its depositor was reduced in the amount of the check while the assets of the bank were augmented by the amount in the hands of the Atchison drawee which had been assigned to Kesl Brothers, but which assignment was frustrated by the bank commissioner. To complete any analogy between the case at bar and the Kesl case, it was not enough to show that the deposit accounts of the makers of the checks had been reduced. It should also have been shown that funds of the Cunningham bank were actually in the hands of the drawee, which in the ordinary course of business would and should have been paid to the holder of the draft, and that payment was prevented solely by the action of the bank commissioner, and that such action resulted in a consequent and unjust augmentation of the assets of the insolvent institution.

In defendant's answer the custom of treating checks and collections thereon as tentative debits and credits was set forth at length, and the truth of the elaborate defense so pleaded was conceded:

"For the purpose of the trial of the above entitled action the parties hereto agree as follows: . . .

"At all the times herein mentioned a custom existed with reference to collections of checks and banking transactions in regard thereto as pleaded and set forth in the answer of defendants herein, and the plaintiff in this action and the several banks or trust companies having any connection with said matter,

are charged with knowledge of said custom and the remittance slip used by Commerce Trust Company, was used in connection with said custom. . . .

"At the time Farmers State Bank became insolvent and was closed it had on hands at Cunningham, Kan., one thousand forty-nine dollars and 11/100 cents ($1,049.11) in cash."

While the record does not show what were the liabilities of the insolvent bank, it is quite fair to assume that they were in excess of the assets, otherwise this lawsuit would not have arisen.

So far as we may be guided by the precedents of analogous cases, those of *Clark v. Bank,* 72 Kan. 1, 82 Pac. 582, and *State Bank v. State Bank,* 114 Kan. 463, and citations, 218 Pac. 1000, are not without instructive significance; and the distinction between the instant case and that of *Tire & Rubber Co. v. Bank,* supra, is so obvious that it need not be discussed.

We discern no special circumstances in this case which would create a trust fund in defendant's hands for the benefit of plaintiff, and it must be held that the trial court did not err in denying to plaintiff the privilege of a preferred creditor.

The judgment is affirmed.