No. 26,236.

ROBERT W. KIRBY, *Appellee,* v. L. E. WAIT (WILLIAM DOCKING, substituted as receiver of the Home State Bank of Greensburg), *Appellant.*

SYLLABUS BY THE COURT.

1. CONTRACTS—*Promise for Benefit of Third Party.* One for whose benefit money is deposited in a bank may maintain an action against the bank or its receiver to recover the amount deposited.

2. BANKS AND BANKING—*Insolvency—Trust Fund as Preference.* Money placed in a bank as a trust fund to pay a certain debt cannot, after the failure of the bank and the appointment of a receiver for it, be declared a preferred claim against the assets of the bank unless it is shown that the "assets which reached the hands of the receiver were larger by reason of such transaction than they otherwise would have been." (*Investment Co. v. Bank,* 98 Kan. 412, 158 Pac. 68, followed.)

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed March 6, 1926. Affirmed in part and reversed in part.

*Ralph T. O'Neil* and *John D. M. Hamilton,* both of Topeka, for the appellant.

*John W. Davis, Russell L. Hazzard,* both of Greensburg, and *Manvel H. Davis,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to have a debt owing by the Home State Bank declared a preferred claim against the assets of the bank in the hands of its receiver. Material parts of the petition summarized alleged that the defendant had in his possession $21,000 belonging to the plaintiff consisting of a special deposit which was designated on the books of the bank as the "Greenleaf-Kirby loan account," which had been held by the Home State Bank of Greensburg as a trust fund to be paid to the plaintiff upon his executing and delivering a release of a real estate mortgage to secure the payment of a debt of $20,000 and interest thereon amounting to $3,000; that the Home State Bank received from the Kansas City Joint Stock Land Bank $20,000 to be paid over to the plaintiff upon the release of the mortgage; that the mortgage was released and delivered to the Home State Bank, which recorded the release but did not remit to the plaintiff the money that had been

Banks and Banking, 7 C. J. pp. 663 n. 56, 731 n. 20, 752 n. 81; 1 L. R. A. n. s. 252; 3 R. C. L. 554. Contracts, 13 C. J. pp. 705 n. 4, 711 n. 31, 713 n. 65; 32 L. R. A. 373; 3 R. C. L. 716.

received. The answer alleged that the $20,000 was received by the bank in the ordinary way and as an ordinary deposit. The answer denied that $21,000 was deposited in the Greenleaf-Kirby loan account and alleged that the account had been used from the time of its deposit as a common or checking account and prayed that the account be not allowed as a preferred claim against the assets of the bank. The court found:

"That all the allegations of plaintiff's petition are true, and that on the 10th day of October, 1923, the Home State Bank of Greensburg, Kan., was in the possession of a special deposit of money belonging to plaintiff amounting to nineteen thousand two hundred eighty-one dollars and fifty cents ($19,281.50), which came into the hands of the defendant L. E. Waite as receiver of said bank, and that said special deposit was a trust fund in which said bank had no interest as the owner thereof."

1. The defendant contends that "the court erred in finding that there was any indebtedness existing between the plaintiff and the defendant." To support this contention, it is argued that the money deposited did not belong to the plaintiff, but was the property of the Kansas City Joint Stock Land Bank. To this the plaintiff responds that "the sole issue raised by the pleadings was whether or not the money received by the Home State Bank was a trust fund, or merely an ordinary account. And of course it follows, and cannot be successfully disputed, that if the bank agreed with Kirby or his agent that the money was to be put in a special account and treated as a trust fund, the bank is bound by that agreement." There was no substantial dispute concerning the manner in which the $20,000 came into the hands of the bank. The bank owed some one and by its answer practically admitted that it owed the plaintiff the $20,000. In *Anthony v. Herman,* 14 Kan. 494, the court said:

"An action can be maintained upon a promise made by a defendant, upon valid consideration, to a third party, for the benefit of the plaintiff, although the plaintiff was not privy to the consideration."

That rule has been followed in a large number of cases in this court down to and including *Maddock v. Riggs,* 106 Kan. 808, 190 Pac. 12. This contention of the defendant cannot be sustained.

2. The defendant contends that "the court erred in finding that the balance shown in the Greenleaf-Kirby account reached the hands of the receiver." The $20,000 was placed in the defendant bank by the Kansas City Joint Stock Land Bank for the pur-

pose of being transmitted to the plaintiff when he released the mortgage held by him on lands owned by Jesse W. Greenleaf in Kiowa county. Checks to the amount of $94.25, drawn on that fund for the purpose of paying expenses connected with the loan made by the Kansas City Joint Stock Land Bank to Jesse W. Greenleaf, were paid by the bank. Another check for $10,193.75, signed by Henry W. Wacker, president of the Home State Bank payable to Warren Mortgage Company was charged to the account. Subsequently Mr. Wacker caused $10,500 to be deposited in the account; $1,000 of the amount thus deposited was in a check which was not paid. At the time the receiver was appointed, the books of the bank showed that there was then on deposit in that account $19,281.50. There was then in the bank only about $2,000 in cash which went into the hands of the receiver. Other than as above outlined, the evidence did not show what had become of the first $20,000 deposited. It was not shown that the assets of the bank were thereby increased nor its liabilities decreased, nor that the deposit went into the hands of the receiver. The receiver testified:

"THE COURT: Q. When you took charge was there any cash on hand at all? A. There was.

"Q. How much? A. In the neighborhood of $2,000 or such a matter cash in bank as I remember.

"Q. This as cash never came into your hands as receiver? A. As cash?

"Q. As cash? A. Yes, it did.

"Q. I mean this $20,000? A. Oh, no, sir."

In *Investment Co. v. Bank*, 98 Kan. 412, 158 Pac. 68, it was said that:

"The owner of money fraudulently obtained and used in the business of an insolvent bank, by its cashier, is not entitled to repayment by the receiver, in preference to other creditors, except so far as he shows that the assets which reached the hands of the receiver were larger by reason of such transaction than they would otherwise have been; it is not enough to show that the assets of the bank were increased, or that the money was used in reducing its indebtedness."

Attention is directed to the last statement of that syllabus as follows:

"It is not enough to show that the assets of the bank were increased, or that the money was used in reducing its indebtedness."

That rule has been followed by this court in *Nelson v. Paxton, Receiver*, 113 Kan. 394, 214 Pac. 784; *Honer v. State Bank*, 114 Kan. 123, 216 Pac. 822; *Baily v. Paxton, Receiver*, 115 Kan. 410,

223 Pac. 278; *Steele et al. v. State Bank et al.,* 116 Kan. 510, 227 Pac. 352.

That part of the judgment declaring the debt to the plaintiff a preferred claim is reversed, and the trial court is directed to enter judgment declaring that the amount due the plaintiff is not a preferred claim. In all other respects the judgment is affirmed.