No. 28,318.

JOHN MATZEN, *Appellee,* v. CHARLES W. JOHNSON, Receiver of the Goddard State Bank, *Appellant.*

No. 28,319.

JOHN HESCHMEYER, *Appellee,* v. CHARLES W. JOHNSON, Receiver of the Goddard State Bank, *Appellant.*

(272 Pac. 164.)

Opinion filed December 8, 1928.

*Benjamin F. Hegler, A. V. Roberts* and *Roger P. Almond,* all of Wichita, for the appellant.

*John W. Adams* and *H. C. Osborne,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: These were actions against the receiver of an insolvent bank to have certain claims preferred over general creditors, the actual question involved being whether deposits by the plaintiffs made for the special purpose of paying taxes constituted funds of a trust character, thereby entitling the plaintiffs to preference and payment before distribution to general creditors. The plaintiffs prevailed and the receiver appeals.

The facts which were agreed to disclosed, among other things, that Matzen had been a customer of the bank for more than five years; that November 24, 1925, he drew his check on his account at the bank for $282.47 for the purpose of having the bank pay his taxes on certain real estate in Sedgwick county, he at that time having sufficient funds in the bank to pay the check. The bank received the check and charged the amount thereof against his account, issuing receipts therefor in triplicate, one of which was delivered to Matzen. What was done in this instance was similar to others by the same bank. It had a system of making receipts in triplicate, delivering one to the customer, mailing one to the county treasurer, and retaining one. Matzen's check was deposited by officers and employees of the bank in an account carried on the books under the name of "tax account," of which practice and methods Matzen had no knowledge. Under the system of bookkeeping followed, the tax account was made up of cash and checks delivered by customers to the bank for the purpose of having the bank pay their taxes. The bank did not pay Matzen's taxes and he was afterward compelled to pay them. On December 5, 1925, the bank was taken charge of by the bank commissioner. The balance on hand in the tax account at that time was something over $7,000. The actual cash on hand at the close of business on November 23, 1925, was $578.65; at the close of business on November 24 it was $995.20, and on December 5 it was $867.61. Taxes were paid and receipts similar to the one issued Matzen were issued to seventy-one such depositors. At all times mentioned the Goddard State Bank was a county depositary, but

the tax account above mentioned was not a county account nor subject to the check of the county treasurer. It had been the custom of the bank in previous years to send the county treasurer check for the entire amount of funds in the tax account just before the 20th of December.

The material facts in the Heschmeyer case were substantially the same.

Practically the same questions here presented have heretofore been considered and passed upon by this court. In *Goodyear Tire & Rubber Co. v. Bank,* 109 Kan. 772, 204 Pac. 992, it was held that a check drawn on the general checking account of a depositor and placed in a special fund was identical with a deposit in cash. The court said:

"If Poell Brothers, instead of paying the draft upon them by check, had used currency for the purpose, there can be no doubt that the receiver would hold the amount in trust for the plaintiff, for the total of cash or its equivalent which came into his hands would necessarily or at all events presumptively have been that much larger by reason of such payment. The court is of the opinion that the rule applies that where a payment to a bank is made by a check drawn thereon the result is the same as though the depositor had presented his check, received the money over the counter and then used it in making the payment." (p. 773.)

In *Secrest v. Ladd,* 112 Kan. 23, 209 Pac. 824, the Goodyear case was approved and the following comment made:

"No reason is seen for disallowing a preference for the amount drawn out of the savings account by plaintiff and turned over to the bank as a part of the special deposit. It was as effectually impressed with the trust as if plaintiff had drawn the cash from the bank and placed it with other moneys in the fund to be used for the specified purpose." (p. 26.)

This same rule was applied in the case of the *First Church of Christ Scientist v. Ætna Bldg. and Loan Ass'n,* 122 Kan. 672, 253 Pac. 574, and the earlier decisions of this court, citing authorities from other jurisdictions, discussed and approved. The cited cases are, as far as the question under consideration is concerned, identical with those here. (See authorities cited in *Tire & Rubber Co. v. Bank,* supra; *Kesl v. Bank,* 109 Kan. 776, 204 Pac. 994; *Am. Nat'l Bank v. Miller,* 229 U. S. 517; *Federal Res. Bank v. Peters,* 139 Va. 45, 42 A. L. R. 742; *State Nat. Bank v. First Nat. Bank,* 124 Ark. 531, 187 S. W. 673; *Hawaiian Pineapple Co. v. Browne,* 69 Mont. 140, 220 Pac. 1114; Note in 47 A. L. R. 761.)

While not unmindful of the rights of innocent third parties (general depositors) and while giving full consideration to the forceful argument by the receiver against the rule followed in the cited cases, we are convinced, all things considered, that it is the safer and in principle the sounder, and will adhere to it.

The judgments are affirmed.

HARVEY, J., dissenting.