No. 28,815.

M. J. DUNCAN, *Appellant,* v. THE FARMERS STATE BANK OF ESBON, and CHARLES W. JOHNSON, as Receiver, etc., *Appellees.*

(278 Pac. 763.)

Opinion filed July 6, 1929.

F. A. *Sloan,* of Hoxie, for the appellant.

R. W. *Turner* and D. F. *Stanley,* both of Mankato, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the question whether the plaintiff is entitled to a preferred claim against the assets of an insolvent bank. The plaintiff was defeated and appeals.

The facts are told in the court's findings substantially to the effect that the plaintiff on May 28, 1925, entered into a written contract with James Conrad, executor, for the purchase of certain real estate at an agreed price of $6,400. An amount of $500 was paid down and $5,900 was to be paid on or before March 1, 1926. The court further found that—

"The contract was executed in duplicate and by its terms one copy was left in escrow at the Farmers State Bank of Esbon. On March 1, 1926, plaintiff came to Esbon for the purpose of completing said real estate contract; he went to the Farmers State Bank of Esbon and was informed by Guy O. Seaton, the cashier, that the abstract had not been completed and the deal could not be closed, but it would probably be there in a day or two. Plaintiff came to

the bank the 2d of March, or the next day, and was informed by Seaton that the abstract had not yet arrived. James Conrad was present at this time. Guy O. Seaton suggested that plaintiff leave $2,900, represented by a cashier's check on a bank in Hoxie, at the Farmers State Bank, and that Seaton would pay it over to Conrad when the real-estate deal was completed. Both Conrad and the plaintiff consented to this and plaintiff signed over the cashier's check. Guy O. Seaton, the cashier of the Farmers State Bank, gave plaintiff a general deposit slip, but did not give him any bank book or check book. The plaintiff lived at Hoxie and had never transacted any business with the Farmers State Bank, and this is the only transaction he had with it. Guy O. Seaton was to procure a loan of $3,000 for the plaintiff on the land in question which with the $2,900 before mentioned was to constitute the balance of the purchase price of said land. The Farmers State Bank closed and went into the hands of a receiver June 1, 1926. The $2,900 in question in this suit went into the funds of the bank and was used in the transaction of its business. The amount of the assets in cash and sight exchange that passed into the hands of the received on June 1, 1926, was $2,700.

"The court further finds that there passed into the hands of the receiver at said time assets amounting to $182,000 with record liabilities of $168,000, and that the actual value of said assets are estimated at thirty per cent of their face value.

"The court further finds that the $2,900 was deposited with the Farmers State Bank of Esbon, Kan., for the definite purpose of being paid upon the real-estate contract between plaintiff and James Conrad, executor, and further finds that the evidence does not show that the specific $2,900 ever came into the hands of the receiver of the Farmers State Bank of Esbon, Kan."

The court later made an additional finding as follows:

"Upon the agreed statement of facts filed herein, that the said sum of $2,900 was by said bank commingled with its general funds and used by said bank in the honoring of checks, making of loans and carrying on the general business of the bank."

The court concluded that the plaintiff was not entitled to a preferred claim against the receiver but was entitled only to a common claim of $2,900.

The plaintiff contends that since the court found that the $2,900 was deposited by him with the bank for the definite purpose of being paid upon the real-estate contract, the first requirement necessary to establish a preferred claim against the bank was made, and that the evidence was sufficient to establish the fact that the money in some form became a part of the assets of the bank which came into the hands of the receiver.

The defendants, on the other hand, contend that the facts were not sufficient to characterize the deposit as one impressed with a

trust, nor that the deposit came into the hands of the receiver. The rule was laid down in *Chetopa State Bank v. State Bank,* 114 Kan. 463, 218 Pac. 1000, that—

"Before a claim can be allowed as a preferred claim against the receiver of an insolvent bank it is necessary to establish first, that the claim in question is a trust fund, and second, that the fund in some form was a part of the assets of the bank which passed into the hands of the receiver." (Syl. ¶ 1.)

Did the circumstances in the instant case create the relation between the bank and the plaintiff of trustee and a *cestui que trust,* or the relation of debtor and creditor? The cashier told the plaintiff he could leave the money at the bank and he (the cashier) would make the payments on the contract. The plaintiff left the money and received the ordinary duplicate deposit slip showing a deposit of $2,900. Of course he placed the money in the bank for the express purpose of having it paid on the contract, but he did not request that it be kept in a separate fund for that purpose. He did not request that it be segregated from other funds.

In *El Dorado Nat'l Bank v. Butler County State Bank,* 120 Kan. 109, 242 Pac. 475, it was held in effect that such an assurance as given by the cashier was promissory rather than immediately effective and was not sufficient to constitute the deposit as a trust fund. *Honer v. State Bank,* 114 Kan. 123, 216 Pac. 822, was a case where the plaintiff and his wife sold some land, the transaction taking place in the defendant bank. The purchase money was deposited in the bank and the plaintiff instructed the bank's president "to apply the proceeds of the purchase price, first, in the payment of two mortgages on the land . . . second, in the payment of certain debts of the plaintiff to the bank, and then to transmit the remainder to Trevett, Mattis & Baker Company to be by them applied on a mortgage on other land." (p. 124.) The trial court found "that the said sum is not impressed with a trust character and is not a preferred claim and that the said plaintiff is simply a general creditor of said defendant bank." This determination was upheld on appeal.

In *Kirby v. Wait,* 120 Kan. 400, 243 Pac. 1058, the issue was whether money received by a bank was a trust fund or merely an ordinary account. The plaintiff established that the bank had agreed with him that the money was to be put in a special account and treated as a trust fund. Of course the bank was bound by the agreement. Here the deposit in question was carried on the books

of the bank as a general deposit and the money was commingled with the bank's general funds and was used by it in the honoring of checks, the making of loans and the carrying on of its general business, not through conversion or misappropriation by the bank but with the consent of the plaintiff. He received a duplicate deposit slip evidencing a general deposit. Such deposit was subject to his check. While he had the assurance that the deposit would be applied on the contract the assurance added nothing to the ordinary undertaking of the bank. There was no showing that in carrying it as a general deposit and mingling it with its general funds the bank was guilty of a conversion or other misappropriation. The relationship established by the plaintiff and the bank was that of a debtor and creditor, not that of principal and agent nor trustee and *cestui que trust.*

The plaintiff cites and relies upon *Secrest v. Ladd,* 112 Kan. 23, 209 Pac. 824. It may be observed that the court in speaking of the deposit there said:

"It was not to go into a general account and had none of the characteristics of a general deposit. . . . Instead of holding the fund for the specified purpose and application, the bank converted and mingled it with its general funds, using it to honor checks, make loans and as a part of its cash and sight exchange." (p. 24.)

In the instant case the deposit did have the characteristics of a general deposit. Some of the more recent cases bearing upon this question are: *Nelson v. Paxton,* 113 Kan. 394, 214 Pac. 784; *First Nat'l Bank v. Farmers State Bank,* 120 Kan. 706, 244 Pac. 1039; *Guymon-Petro Mercantile Co. v. Farmers State Bank,* 120 Kan. 233, 243 Pac. 321; *Miller v. Viola State Bank,* 121 Kan. 193, 246 Pac. 517.

The judgment is affirmed.