No. 31,993

The Bankers Agricultural Credit Corporation, *Appellant*, v. The Maize State Bank, and Charles W. Johnson, Receiver, *Appellees.*

(39 P. 2d 922)

Opinion filed January 26, 1935.

*A. M. Ebright, P. K. Smith* and *Bernard Peterson,* all of Wichita, for the appellant.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This was an action brought against the receiver of a failed bank to establish his right to a fund claimed as preferred. A demurrer to plaintiff's evidence was sustained, from which ruling the plaintiff, claiming the preference, has appealed.

O. Riley owed the plaintiff a debt of $527.58, which was secured by a chattel mortgage on Riley's cattle and other property. Riley held a public sale and sold the mortgaged property. He was also indebted to the Maize State Bank, so he employed F. P. Bowen, cashier of the Maize State Bank, to act as clerk of the sale. The agreement with Riley was that Bowen should act as the cashier and should clerk the sale and keep a record of the items sold and collect the accounts. Riley and Bowen had an understanding that the proceeds of the sale should first pay the costs of the sale, second, pay the plaintiff's mortgage, and then any balance over and above the amount of plaintiff's mortgage was to be applied on Riley's indebtedness to the bank, but there was no agreement with the bank that the deposit

should be held in trust or as a bailee. The proceeds collected from the sale were taken by Bowen and placed in the bank under the name of "F. P. Bowen, clerk of the Riley sale." Bowen gave some checks for expenses of the sale, gave the plaintiff a check in the amount of $527.58 in payment of the plaintiff's note and mortgage. This check was signed F. P. Bowen, clerk of the Riley sale. It was dated February 20, 1933, indorsed on the back, but was not paid as the bank had closed its doors on February 28.

On February 20, 1933, there was on deposit to this account the sum of $552.89. At the time the bank closed there was a balance of $495.42. Part of the deposits had been checked out by Bowen to pay other costs incident to the sale. This money came into the hands of the receiver when he took charge of the bank, but was not a separate fund. The receiver contends that it is not a trust fund.

The real question involved in the case is, Is this deposit, which passed into the hands of the receiver, a trust fund and entitled to be declared a preferred claim, or is it a general deposit in which the relation of debtor and creditor was created?

Bowen made the deposit in the bank substantially in the way all deposits of a general character are made. There was no agreement to keep the deposit as a separate fund or to create the relation of principal and agent as to the deposit. While Bowen was an officer of the bank, he was not acting for the bank in the making of the deposit. He took the results of the sale and deposited them in the bank to the credit of himself as would be done by another general creditor. Before the bank could be implicated in the relation of bailor and bailee some agreement must be made that the deposit should be treated by the bank as a trust. Bowen may have been a trustee as to the creditor or beneficiary, but he could not make him a trustee as to the bank without its consent or knowledge. In *Marine Bank v. Fulton,* 69 U. S. (2 Wall.) 252, 17 L. Ed. 785, it was held:

"All deposits made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title to the thing deposited remaining with the latter; and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand. The case before us is not of the former class. It must be of the latter." (p. 256.)

The Maize State Bank received the money as a depository. The evidence in the case shows that Bowen had no intention to retain the title to the money deposited, and the fact that he had withdrawn funds from this account is some evidence of an intention that only a general deposit with the bank had been made. The fact that Bowen may have stood in a fiduciary relationship with creditors and beneficiaries other than the bank, does not affect the debtor and creditor relationship between the bank and Bowen, who deposited the money as clerk of the Riley sale.

The case of *Duncan v. Farmers State Bank*, 128 Kan. 591, 278 Pac. 763, was where money was deposited in the bank, the cashier telling the depositor that he would make the payments on a contract which parties had made. This was agreed to and the deposit was made and the ordinary deposit slip showing the deposit of a certain amount to be paid to another was given the depositor. They did not request that it be kept in a separate fund for the purpose named and they did not request that it be segregated from other funds. The deposit was carried on the books of the bank as a general deposit. It was commingled with the general funds of the bank and was used in honoring checks, making loans and otherwise carrying on its general business. It was held that the relation of debtor and creditor was created and not that of principal and agent, or of trustee and *cestui que trust.*

Our previous cases on the subject were largely examined and cited to show that in this case a trust was not created. Some reliance is placed by appellant on *Schoen v. Johnson*, 134 Kan. 612, 7 P. 2d 117, but there it was held that no trust was created because there was no segregation of the money or state of facts which would give it a trust character. In a Kansas case in the federal court, *Minard v. Watts*, 186 Fed. 245, parties were in litigation over rentals of property. It was agreed between them that all rentals received should be deposited in a special account in a bank pending the outcome of the litigation. The amount of $450 was so deposited, after which the bank became insolvent; and upon a claim for preference it was held that there was no agreement that the same should be held separate and apart, that there were two ways of depositing money, and that this was a general deposit in which the relation of debtor and creditor existed, and a preference was denied.

Besides our own cases, there are holdings in other jurisdictions quite similar to our own. In the case of *Officer v. Officer*, 120 Ia.

389, where there was an intervention, an executor made a deposit of the state funds in a bank and when the bank failed they sought to recover the amount of the account as a trust fund. There the court found that no trust relationship existed although the money placed in the fund was a trust between others, but there was no trust relationship of the bank to the fund, and, therefore, the preference was refused. *Paul v. Draper,* 158 Mo. 197, likewise held that the bank was not a trustee and a preferred claim was disallowed. See, also, *Bank of Hartford v. McDonald,* 107 Ark. 232.

Our conclusion is that the judgment must be affirmed. It is so ordered.