**THOMAS v. MOTHERSEAD, State Bank Commissioner.**

No. 17224.   Opinion Filed July 26, 1927.

Rehearing Denied Dec. 6, 1927.

(Syllabus.)

1. **Banks and Banking—Insolvent State Bank—Preferred Claim—Requisites.**

"Before a claim can be allowed as a preferred claim against the State Bank Commissioner in charge of an insolvent bank, it is necessary to establish, first, that the claim in question is a trust fund; and, second, that the fund in some form was a part of the assets of the bank which passed into the hands of the Commissioner." Kansas Flour Mills Co. v. New State Bank of Woodward, 124 Okla. 185, 256 Pac. 43.

2. **Banks and Banking—Collection of Check for Depositor—Relation of Principal and Agent.**

Where a bank accepts from its depositor a check for collection and remittance, though the depositor is given credit therefor, the relation of principal and agent arises between the depositor and the collecting bank and others acting for such bank, and this relation continues to the completion of the transaction.

3. **Banks and Banking—Collections—Remittance of Proceeds—Effect of Insolvency of Remitting Bank—Preference.**

Where a collecting bank on which a check is drawn accepts such check and charges

the same to its depositor's account, said depositor at the time having to his credit sufficient funds to pay such check, and issues to the forwarding bank in payment thereof its draft drawn on another bank with which it has on deposit funds more than sufficient to pay such draft, the amount of the check represented by such draft is resolved into a trust fund in the hands of the bank. In such case the transaction is equivalent to the purchase of the draft with cash, and upon insolvency of the collecting and issuing bank, with the draft outstanding, the assets of the insolvent bank in the hands of the State Bank Commissioner are thus augmented, and where sufficient cash came into the hands of the Bank Commissioner, as liquidating agent of such insolvent bank, to liquidate such draft, upon presentation of a claim therefor the holder of such claim is entitled to be adjudged a preferred creditor.

Commissioners' Opinion, Division No. 1.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by H. S. Thomas against O. B. Mothersead, State Bank Commissioner, as liquidating agent for the Bank of Shattuck. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

C. B. Leedy, for plaintiff in error.

M. W. McKenzie, for defendant in error.

TEEHEE, C., This is an appeal from a judgment of the district court whereunder the application of H. S. Thomas to be adjudged as a preferred creditor of the Bank of Shattuck, insolvent, in the sum of $564.75 was denied. In the trial court the plaintiff in error was plaintiff and the defendant in error was defendant. As they thus appeared in the trial court, they will hereinafter be referred to.

On July 23, 1924, plaintiff filed a claim with the defendant as liquidating agent for the Bank of Shattuck in the amount of $564.-75, whereunder he requested that he be determined and adjudged by the defendant to be a preferred creditor of the bank in said sum. The facts upon which the claim was based are substantially as follows:

On May 5, 1924, one W. N. Mitchell, a depositor of the Bank of Shattuck, gave to plaintiff his check drawn on said bank in the sum of $564.75 in payment of certain merchandise purchased from plaintiff. On the same date plaintiff indorsed and deposited this check with the Bank of Vici for collection and remittance. The Bank of Vici credited the amount of the check to plaintiff's account. On May 6, 1924, the Bank of Vici transmitted the check to the Feder-

al Reserve Bank of Oklahoma City for collection and remittance. On May 9, 1924, in like manner the Federal Reserve Bank presented the check to the Bank of Shattuck for payment and remittance which, together with several other items, aggregated the sum of $2,262.62. On the same date the Bank of Shattuck accepted the check, paid the same, and charged the amount thereof to Mitchell's account, said depositor at the time having to his credit sufficient funds to pay said check, and remitted therefor, including the other items, by its draft in favor of the Federal Reserve Bank drawn on the Union National Bank of Wichita, Wichita, Kan. On May 13, 1924, the Federal Reserve Bank presented the draft by letter to the Union National Bank for payment, which was refused. On the date of the issuance of the draft and presentation thereof for payment, the Bank of Shattuck had on deposit with the Union National Bank of Wichita more than sufficient funds to liquidate said draft. On the date of presentation of the draft for payment the Bank of Shattuck closed its doors, whereupon the defendant took charge of the bank and its assets, for liquidation. As a part of the assets of the bank there was cash in an amount much in excess of the amount of the draft. Upon refusal of payment of the draft by the Union National Bank, plaintiff was compelled to refund the Bank of Vici the amount of the check.

The defendant denied the application of plaintiff to be adjudged a preferred creditor and classified him as a general creditor. On October 3, 1924, plaintiff filed his claim in the form as presented to the defendant in the district court, where it was by the court treated as a petition. There were no other pleadings and therefore no response thereto by the defendant.

At the trial on April 6, 1925, the parties proceeded as upon demurrer which raised the question of the sufficiency of the petition to entitle plaintiff to be adjudged a preferred creditor of the Bank of Shattuck in said sum of $564.75. On October 9, 1925, the court rendered judgment denying the contentions of plaintiff and affirmed the action of the defendant whereunder plaintiff was held to be a general creditor.

Plaintiff contends that under the facts as above summarized he was entitled to be classified as a preferred creditor, and that the trial court erred in not so holding, whereas the defendant, without challenge of the facts thus set up, contends that they are not sufficient to take plaintiff out of

the general creditor class, and that therefore the judgment of the trial court was correct and should be affirmed.

Subsequent to the trial of this case this court in Kansas Flour Mills Co. v. New State Bank of Woodward, 124 Okla. 185, 256 Pac. 43, laid down certain principles which, under the facts in the cause at bar, in our view are controlling and decisive of this appeal. By paragraph one of the syllabus in that case, this court held as follows:

"Before a claim can be allowed as a preferred claim against the State Bank Commissioner in charge of an insolvent bank, it is necessary to establish, first, that the claim in question is a trust fund; and, second, that the fund in some form was a part of the assets of the bank which passed into the hands of the commissioner."

The facts in that case were substantially as follows:

The Flour Mills Company, on October 5, 1923, sold and shipped a carload of flour from its place of business at Anthony, Kan., to Adams & Crump at Woodward, Okla. The bill of lading therefor, with a draft as a cash item in the amount of $913.34 drawn on the purchaser, was mailed to the New State Bank of Woodward for collection, with instructions that the draft was not to be treated as a deposit, and that upon collection the proceeds were to be accounted for to the company and not commingled with other funds of the collecting bank. On October 11, 1923, Adams & Crump paid the draft by check drawn on the New State Bank which in turn accepted the check, stamped it "paid," and charged the same to the account of Adams & Crump, its depositor. The bank did not remit to the company the proceeds of the draft, and on October 13, 1923, closed its doors, when the State Bank Commissioner took charge thereof for liquidation.

At the time of payment of the draft the bank had on hand funds more than sufficient to have transmitted the proceeds to the company. The company presented its claim to the Bank Commissioner and asked to be adjudged a preferred creditor which was denied but classified it as a general creditor. The company filed its action in the district court, alleging these facts. Upon hearing the action of the commissioner was affirmed. This court held that under that state of facts the company brought itself within the rules as above quoted, and by paragraph 2 of the syllabus, said:

"A state bank, accepting for collection a draft expressly marked, 'not to be treated as a deposit—the funds obtained through its collection are to be accounted for to us and are not to be commingled with the other funds of the collecting bank,' handles such collection as agent, and the proceeds became a trust fund in the hands of the bank, subject to be traced into the hands of the Bank Commissioner, who takes over the bank as insolvent."

With respect to the method of handling the transaction the court, by paragraph 4 of the syllabus, said:

"Where a bank accepts a draft for collection under paragraph 2 above and receives in payment of such draft a check drawn upon itself by one of its own depositors who has then to his credit a balance sufficient to cover his check, and the bank has on hand sufficient to pay the check, the transaction is the same as though the bank had actually received the currency in payment of the draft. The intention of the parties in such case cannot be defeated by mere methods of bookkeeping and banking,"

It will be noted that in the case at bar, under the admitted facts, Mitchell's check was deposited by the plaintiff with the Bank of Vici for collection and remittance, and that the check, through the channels of banking as outlined, reached the hands of the Bank of Shattuck on which it was drawn, not for deposit, but for collection and remittance to the Federal Reserve Bank. Upon receipt of the check the Bank of Shattuck paid the same by charging its depositor's account therewith, and drew its own draft on the Union National Bank of Wichita covering the proceeds of the check, together with the other checks mentioned, and transmitted the same to the Federal Reserve Bank as directed.

It cannot be doubted that during all of these transactions there existed the relationship of principal and agent between the plaintiff and the Bank of Vici and the other banking concerns acting for the Bank of Vici, and that this relationship continued until the completion of the transaction. Kansas Flour Mills Co. v. New State Bank of Woodward, supra; Bank of Commerce v. Ingram, 33 Okla. 46, 124 Pac. 64; Kesl v. Hanover State Bank, 109 Kan. 776, 204 Pac. 994; State National Bank v. First National Bank, 124 Ark. 531, 187 S. W. 673.

Likewise, under these authorities, upon receipt of the check and payment thereof by the Bank of Shattuck by charging the account of W. N. Mitchell and the issuance of a draft therefor to the Federal Reserve Bank of Oklahoma City drawn on the Union National Bank of Wichita, the amount of

the Mitchell check represented by the draft was thus resolved into a trust fund. And the Union National Bank of Wichita having refused payment of the draft, the fund necessarily in its segregated form was a part of the assets of the insolvent bank which must have, or will have in due course of liquidation, passed into the hands of the defendant, and thus the assets of the insolvent bank in the possession of the defendant were augmented in the amount of the Mitchell check.

In Kansas Flour Mills Co. v. New State Bank of Woodward, supra, this court, in paragraph 5 of the syllabus, said:

"In such cases, it being shown that the bank, at the time, had sufficient cash to cover the item, and that sufficient cash came into the hands of the Bank Commissioner as liquidating agent, the assets of the bank in his hands being thus augmented, the commissioner should pay such trust fund as a preferred claim."

We see no distinction between the nature and result of the transaction in that case and such feature of the transaction had in the case at bar. The transaction in that case being sufficient to constitute the item involved as a preferred claim, the transaction in the case under consideration necessarily must be sufficient to give the plaintiff a preference over general creditors of the Bank of Shattuck.

We have given consideration to the citations of authority contained in defendant's brief in support of his contentions, but under the case of Kansas Flour Mills Co. v. New State Bank of Woodward, supra, and supporting authorities therein cited, wherein several of defendant's cases by him relied on are referred to and held inapplicable and the principle of the others not followed, his contentions cannot be sustained. Accordingly the judgment of the district court is reversed, and the cause remanded, with directions to the trial court to enter judgment for plaintiff.

BENNETT, LEACH, REID, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. pp. 751, 752, §548; (2) 7 C. J. p. 598, §245; p. 605, §256; 3 R. C. L. p. 633: 1 R. C. L. Supp. p. 868. (3) 7 C. J. pp. 751, 752, §548; anno. 24 A. L. R. 1155; 5 R. C. L. Supp. p. 191.