**STATE ex rel. MOTHERSEAD, Bank Com'r, v. EXCELLO FEED MILLING CO.**

No. 17093.    Opinion Filed Jan. 10, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

1. **Banks and Banking—Failed State Bank—Remittance of Collection Item by Dishonored Draft of Bank After Payment by Check of Depositor With Ample Funds—Amount of Remittance as Preferred Claim.**

Where a bank accepts for collection a draft with bill of lading attached with instructions to deliver the bill of lading upon payment of the draft and remit the proceeds, the relation of principal and agent is created and continues to the completion of the transaction. In such case, where the bank remits the proceeds by its own draft and becomes insolvent before the draft is paid, the holder of the bill of lading is entitled to have the amount of the remittance established as a preferred claim against the assets of the collecting bank, it appearing that cash in an amount sufficient to pay such draft was in the possession of the bank on and after the collection, and that the same passed into the hands of the State Bank Commissioner.

2. **Same—Amount of Collection as Trust Fund in Hands of Bank Commissioner.**

Where the drawee of a draft pays the same with his check drawn on the collecting bank, and the bank pays the check by charging the drawee's ample account therewith, the transaction works the same result as though the drawee had first drawn from the bank in cash the amount of the draft and used the same in payment thereof. In such case, where the collecting bank remits the proceeds by its draft, upon insolvency with its draft outstanding, the amount thereof constitutes a trust fund, and as an augmentation of assets that passes into the hands

of the State Bank Commissioner upon his taking charge of the bank for liquidation.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the Excello Feed Milling Company against O. B. Mothersead, State Bank Commissioner, as liquidating agent for the Security State Bank of Healdton. Judgment for plaintiff, and defendant appeals. Affirmed.

M. W. McKenzie and Gentry Lee, for plaintiff in error.

Allen & Roddie, for defendant in error.

TEEHEE, C. This is an appeal from a judgment of the district court whereunder the claim of the Excello Feed Milling Company, hereinafter designated as plaintiff, was allowed as a preferred claim against the Security State Bank of Healdton, which O. B. Mothersead, State Bank Commissioner, who will hereinafter be designated as defendant, had taken charge of for liquidation as an insolvent bank. The case arose substantially as follows:

On January 19, 1924, the Security State Bank of Healdton failed to open its doors for business, whereupon O. B. Mothersead, State Bank Commissioner, took charge thereof as an insolvent bank. In due course, by application to the district court, a liquidating agent was appointed, who proceeded, under the supervision of the defendant, with the liquidation of the bank. Shortly before the bank closed its doors, the plaintiff from its place of business in the city of St. Joseph, Mo., forwarded to the bank its draft in the sum of $801 drawn on Brooks-Owens Company at Healdton, with a bill of lading attached, which covered a shipment of a carload of feed to the Brooks-Owens Company. The draft was sent through the Burns National Bank of St. Joseph for collection, and was so received by the Security State Bank. of which the drawee of the draft was a depositor. The Security State Bank was instructed to deliver the bill of lading upon payment of the draft and remit the proceeds.

On January 18, 1924, the day previous to the failure of the bank, the drawee company paid the draft with its check. The bank charged the amount of the check to the depositor's account, and remitted the proceeds, less a collection charge, by its own draft drawn on the American National Bank of Ardmore. The Burns National Bank upon receipt of the bank draft immediately forwarded the same to the American National

Bank for payment. Payment was refused, and the draft was returned with protest fees, which the plaintiff paid. When the bank at Healdton closed its doors it had cash assets on hand in the sum of $11,243.16.

On April 9, 1924, plaintiff filed its verified claim in the amount involved, and made proof thereof as a preferred claim. In December, 1924, this was by the defendant disallowed as a preferred claim, but allowed the same as a common claim.

Thereupon, plaintiff filed its exceptions to the ruling of the defendant in the insolvency proceeding, which was regarded as a petition, and by proper averment set forth the grounds of its claim and prayed the court for judgment that it be allowed as a preferred claim. There were no further pleadings filed. The petition was treated as denied. On November 12, 1925, the cause was heard upon an agreed statement of facts substantially as above stated. Thereupon the court pronounced judgment allowing the claim as a preferred claim against the assets of the insolvent bank. To this judgment the defendant excepted, and now complains thereof, and for reversal urges two propositions as follows:

"First. The facts in this cause do not establish a trust relationship between plaintiff and defendant, but the relation is simply that of debtor and creditor.

"Second. The plaintiff failed to trace and identify its property in its original or substituted form in the hands of the Bank Commissioner as an augmentation of the assets coming into his hands."

Under a similar state of facts, this court subsequent to this appeal has held against the contentions made in the cause at bar. Thomas v. Mothersead, 128 Okla. 157, 261 Pac. 363; Kansas Flour Mills Co. v. New State Bank of Woodward, 124 Okla. 185, 256 Pac. 43.

Under the first proposition, therefore, it must be regarded as settled in this jurisdiction that, where a bank, as here, accepts for collection a draft with bill of lading attached, with instructions to deliver the bill of lading upon payment of the draft and remit the proceeds, the relationship of principal and agent is created and continues to the completion of the transaction. And in such case, where the bank remits the proceeds by its own draft and becomes insolvent before the draft is paid, the holder of the bill of lading is entitled to have the amount of remittance established as a preferred claim against the assets of the collect-

ing bank, it appearing, as here, that cash in an amount sufficient to pay such draft was in the possession of the bank on and after the collection was made, and that the same passed into the hands of the State Bank Commissioner.

And under the second proposition it is likewise settled that, where the drawee of a draft pays the same with his check drawn on the collecting bank, as here, and the bank pays the check by charging the drawee's ample account therewith, the transaction works the same result as though the drawee had first drawn from the bank in cash the amount of the draft and used the same in payment thereof. And in such case, where the collecting bank remits the proceeds by its draft, upon insolvency with its draft outstanding, the amount thereof constitutes a trust fund, and as an augmentation of the assets that passes into the hands of the State Bank Commissioner upon his taking charge of the bank for liquidation.

Under the foregoing decisions by this court, therefore, the judgment of the district court is affirmed.

BENNETT, LEACH, REID, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 626, §301; 3 R. C. L. pp. 632, 635, 636. (2) 7 C. J. p. 626. §301; 3 R. C. L. p. 633.