## FIRST STATE BANK OF MILBURN et al. v. LISLES.

No. 19367. Opinion Filed July 8, 1930.

Commissioners' Opinion, Division No. 2.

Erman S. Price, T. G. Ramsey, and M. B. Cope, for plaintiffs in error.

P. B. Shearer, for defendant in error.

DIFFENDAFFER, C. This action was commenced by defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, hereinafter referred to as defendants, to enjoin the disbursement to the general creditors, and to compel the Bank Commissioner and liquidating agent to pay over to plaintiff the proceeds of a check for $1,087.32, alleged by plaintiff to have been placed by him in the State Bank of Milburn for collection on November 14, 1925, which proceeds plaintiff alleged came into the hands of the liquidating agent on November 27, 1925, some six or eight days after the Bank of Milburn became insolvent and its assets were taken over by the Bank Commissioner.

The issue was whether the check was placed with the Bank of Milburn for collection only or as an ordinary deposit.

The check in question was drawn on a state bank located at Greenville, Tex., by one Sam Mays, district court clerk of Hunt county, Tex., payable to plaintiff.

Plaintiff alleged, and introduced evidence tending to prove, that he placed the check with the State Bank of Milburn for collection only, on November 14, 1925; that the check was forwarded through the Commerce Trust Company at Kansas City, Mo., and the Federal Reserve Bank at Dallas, Tex., to the Bank at Greenville, where it was received on November 19, 1925, and the proceeds returned to the failed bank through the same channels; that the proceeds were received by the liquidating agent of the failed bank on November 27, 1925. The bank of Milburn closed its doors on November 19th or 20th: The official order of the Bank Commissioner declaring the bank insolvent was dated November 21st.

Defendants contend that the check was placed with the State Bank of Milburn as an ordinary deposit; that a regular certificate of deposit was issued and accepted by plaintiff, and plaintiff's account in the bank was credited with the amount thereof, and that when said bank became insolvent the relation of debtor and creditor existed between the plaintiff and said bank with relation to said transaction. To support their contention, they introduced the deposit slip. daily balance sheet of plaintiff's account, and a copy of the remittance sheet showing remittance of said check through the Commerce Trust Company. Kansas City. Mo.

The cause was tried to the court, without a jury, resulting in a finding and judgment for plaintiff, from which judgment defend-

ants appeal. The action is one for injunctive relief and the rules applicable to the trial of an action in equity apply.

The assignments of error are, in substance, that the judgment and order are not sustained by the evidence, and are contrary to law.

As stated before, the issue was whether the check was deposited for collection only or as an ordinary deposit.

Plaintiff testified positively. that when he delivered the check to the bank he asked for the cash thereon and that the bank refused to cash the check on the ground that it was too large a check to be cashed on a foreign bank, and that something might happen to the Greenville bank, and that the cashier asked him to leave the check for collection; that plaintiff was expecting to use the money and wanted to use it by the 16th. There was no notation on the check or deposit slip showing that the check was received for collection, but the testimony of plaintiff, corroborated by his son, was not disputed. The only evidence on the part of defendants in any way tending to refute such testimony was the mere fact that an ordinary deposit slip was given to plaintiff and his account in the bank was credited with the amount of the check.

The evidence is also undisputed that the proceeds of the check were received by the liquidating agent on November 27th, at least six days after the bank was closed.

We think the clear weight of the evidence is with plaintiff, and that the finding and judgment are in accordance therewith.

Defendants cite and rely on Cherry, Receiver, v. Ter. of Okla., 17 Okla. 213, 89 Pac. 190, and cases of a similar character. These cases are not controlling, for the reason that there the claim of preference was that the deposits were made while the bank was insolvent. There was no claim of deposit for collection only.

This case, we think, is governed by Kansas Flour Mills Co. v. New State Bank of Woodward, 124 Okla. 185, 256 Pac. 43, and Thomas v. Mothersead, State Bank Com'rs, 128 Okla. 157, 261 Pac. 363.

In the latter case, it was held:

"Where a bank accepts from its depositor a check for collection and remittance, though the depositor is given credit therefor, the relation of principal and agent arises between the depositor and the collecting bank and others acting for such bank, and this relation continues to the completion of the transaction."

The evidence of plaintiff is such as to bring the case squarely within the rules announced in the last two cases, supra, and the judgment should be affirmed.

BENNETT, HALL, HERR, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.