## AMERICAN EXCHANGE BANK OF HENRYETTA v. ARCADY FARMS MILLING CO.

No. 20758. Sept. 12, 1933.

Hummer & Foster, for plaintiff in error.

Geo. C. Beidleman, for defendant in error.

BAYLESS, J. The Arcady Farms Milling Company, a corporation, instituted an action in the district court of Okmulgee county, Okla., on the 26th day of November, 1926, against Citizens Bank of Henryetta, Okla., and American Exchange Bank of Henryetta, Okla., corporations. The trial of the case resulted in a judgment in favor of the plaintiff below and against American Exchange Bank of Henryetta, Okla., a corporation, from which this appeal resulted, and the parties will be referred to herein as they appeared in the trial court. No judgment seems to have been rendered against Citizens Bank of Henryetta, Okla., and whenever said bank is mentioned herein it is in connection with the evidence in the case and not with reference to any legal liability.

The petition of the plaintiff alleged that on or about the 16th day of November, 1925, it sold to an elevator company at Henryetta one car of feed at an agreed price of $1,175.63, and sent through the Merchants' Bank of Kansas City a bill of lading with draft attached for said carload of feed; that said Merchants' Bank in Kansas City forwarded said draft and bill of lading to the Citizens Bank of Henryetta for collection; that on November 18, 1925, the Citizens Bank of Henryetta collected said draft from said elevator company and delivered to it the draft and bill of lading; that thereafter, and on or about December 4, 1925, the Citizens Bank was declared insolvent by the State Bank Commissioner, and its assets were taken over by him for liquidation; that thereafter, and about the 15th of March, 1926, the American Exchange Bank of Henryetta was organized for the purpose of taking over the business of the Citizens Bank of

Henryetta, and through some contractual arrangement, the exact nature of which is unknown to the plaintiff, the defendants herein took over the assets of the failed bank and assumed its obligations and had paid all of them except this plaintiff; that after collecting said draft the Citizens Bank converted the money so received to its own use and turned over and delivered the same to the defendant herein; that all of this was without the knowledge or consent of the plaintiff; that the taking over of the money belonging to this plaintiff was wrongful and violated its rights, and that by reason of the fraudulent transfer of the assets of the failed bank to the defendant therein the defendant herein became bound and liable to pay the obligation due this plaintiff; and prayed for judgment accordingly. To this petition the defendant filed an answer in the form of a general denial, and the case was tried to the court without a jury.

The court having heard the evidence and passed upon it, and having determined the issues in favor of the plaintiff, the findings of the court are entitled to the same weight and consideration that would be accorded the findings of a jury, and it is our duty to search this record to see whether or not there is some competent evidence reasonably tending to sustain the judgment in favor of the plaintiff.

A consideration of the plaintiff's petition makes it difficult to determine whether the action is one to recover the money upon the contract of assumption, or is an action in conversion to recover the money held in trust. However, from the brief filed by the plaintiff, we gather that it contends as follows: A draft sent to a bank for collection constitutes the collecting bank the agent of the forwarder, and the money when collected by the bank is not its property, but is the property of the forwarder, and is held in trust for the forwarder. It further contends that it has the right to trace such trust funds into the hands of the State Bank Commissioner and into the hands of the person to whom the State Bank Commissioner transferred such trust fund, and may recover it wherever it can be found and identified. The defendant contends that when the State Bank Commissioner takes possession of a failed bank for the purpose of liquidating it, his position is analogous to that of a receiver and is governed by the same rules of law, and that a sale of the property of a failed bank by the State Bank Commissioner, with the approval of the district court hav-

ing jurisdiction, is analogous to a receiver's sale and passes title to the purchaser free and clear.

We will consider first the allegations of the petition and the evidence concerning the contract of sale and purchase between the Bank Commissioner, acting for the closed bank, and the American Exchange Bank. By the terms of said contract the purchasing bank agreed to assume certain liabilities which were listed in an exhibit attached to said contract, but the plaintiff's claim was not mentioned in the contract or in said exhibit. The evidence does not disclose any knowledge on the part of the banking department or on the part of any of the officers of the American Exchange Bank of the existence of the plaintiff's claim. The evidence on the part of the defendant was that there were no records from which it could be ascertained that there was such a claim on the part of the plaintiff. These facts being so, the plaintiff did not have the right to alter or amend the contract entered into, nor can this court read into the contract the assumption of any liability not specifically mentioned therein or one not known to the parties contracting.

We next consider the proposition of the trust fund and the allegation that it was converted. We have held in Shull, Bank Commisioner, v. Beasley, 149 Okla. 106, 299 P. 149, as follows:

"Whether a bank, as to the proceeds of paper held by it for collection, is a debtor or trustee, depends upon the agreement as to the disposition of the proceeds."

And also:

"* * * but we are of the opinion that where the holder of a check directs the collection and authorizes remittance by bank draft, * * * the relationship of debtor and creditor arises. * * *"

In the cases of Hail v. Sullivan, 123 Okla. 233, 253 P. 45, Kansas Flour Mills Co. v. New State Bank, 124 Okla. 185, 256 P. 43, Thomas v. Mothersead, 128 Okla. 157, 261 P. 363, State ex rel. v. Excello Feed Milling Co., 131 Okla. 100, 267 P. 833, and First State Bank of Bristow v. O'Bannon, 130 Okla. 206, 266 P. 472, we held that instructions given to a collecting bank, "for payment and remittance"; "the draft is a cash item and is not to be treated as a deposit * * *"; "for collection," and "remit the proceeds"; and "for collection and remittance," created the relationships of principal and agent in each instance, which continued throughout the transaction, and

that the funds so collected, when certain other conditions were made to appear, were trust funds.

The other conditions which we had in mind in the cases hereinbefore decided were those which the claimant had the burden of showing, to wit: That the bank received cash or a check or checks on another bank which were duly paid; or, if it received payment of the draft in the form of a check upon itself, that the drawer of the check had a deposit with it in an amount sufficient to pay the check and that at that time it had in its immediate possession sufficient cash to pay the draft. If either one of these two alternatives was shown in connection with the instructions specified in the preceding cases, we held that the funds of the collecting bank were augmented and that a trust resulted.

In the case of Shull, Bank Commissioner, v. Beasley, supra, we held that where a depositor of a bank deposited with it a check (or draft) for credit and collection through the ordinary channels, the relationship of debtor and creditor arose and not that of principal and agent. It was shown in that case that the depositor deposited the check for collection through the regular channels, received credit therefor, which was liable to be, and later was, withdrawn when the draft representing the collection was dishonored by the failure of the bank drawing it. In addition to that the endorsement of the check to the depository bank was general and passed title to it immediately.

In this case the draft was shown in evidence, but it contains no specific instructions as to the method or manner of its collection and remittance. The indorsement thereon was general. The assistant treasurer and auditor of the plaintiff company testified it was drawn for collection and deposited in a bank at Kansas City and the plaintiff was allowed credit therefor, but that this credit was later withdrawn when the corresponding bank failed to remit. The vice president of the Kansas City bank, in which the draft was deposited, introduced a copy of the collection instructions sent by it with the draft, and it contains no directions as to the manner of remittance, but does contain this advice:

"Do not advise credit until actually paid. * * * Deliver document only on payment of drafts unless otherwise instructed."

The drawee of the draft testified that it was presented and he paid it with cash and checks, but the amount of cash or checks is not shown, nor is it shown upon what banks the checks were drawn, or that they were paid by the banks upon which they were drawn.

The plaintiff, for the purpose of establishing the amount of cash on hand at the time the Bank Commissioner took over the Citizens Bank of Henryetta, and at the time he sold it to the American Exchange Bank, introduced into evidence a recapitulation of the assets and liability of the Citizens Bank. Among items of assets listed was "cash and cash items, $5,647.44." The defendant's witness J. F. Harmon, an officer and employee of the Citizens Bank at the time it closed, testified positively that this item of "cash and cash items" was made up almost wholly of hot checks or checks drawn and honored by the bank when the drawers thereof were without sufficient funds on deposit to pay the check, thereby creating an overdraft. According to his calculation there was practically no actual cash in the total of the items going to make up "cash and cash items."

We have held in Hall v. Sullivan, 123 Okla. 233, 253 P. 45, that:

"* * *No trust relation is created which will authorize recovery against the receiver or Bank Commissioner, in the absence of necessary allegations in the petition showing that at the time said collections were so made the actual cash on hand in the insolvent bank was equal to, or in excess of, the collections so handled."

And on page 235, quoting from 3 R. C. L., sec. 268:

"* * *And it has been held that, where, after the commingling, the bank makes disbursements from the general mass, such disbursements will be deemed to have been taken from the funds properly belonging to the bank, and the unexpended balance will be impressed with a trust in favor of the person for whom the collection was made. On the other hand, where disbursements are made by the bank from the general mass, the general assets of the bank are not available as a trust fund to satisfy the demands of the person for whom the collection was made."

In view of the evidence hereinbefore set out, and applying the above announced rule, we must conclude that even had a trust fund been created, the funds were not traced into the hands of the Bank Commissioner either in the form of cash or otherwise, for the record does not show the amount of cash received by the Bank Commissioner. No other assets so transferred

are identified as being the converted form or substance of the collection.

We must therefore conclude that the plaintiff failed to establish the relationship of principal and agent between itself and the Citizens Bank of Henryetta, or to establish that said bank was trustee for it or held in its possession trust funds within the contemplation of the authorities which we have cited above, and that therefore there was no trust fund to pass into the possession of the State Bank Commissioner, or to be transferred by him to the American Exchange Bank, so as to make either of them guilty of converting trust assets.

Therefore, the judgment of the trial court is reversed.

CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL, J., absent.