## FARMERS STATE BANK OF MARSHALL et al. v. MEWHERTER.

No. 23300.  June 5, 1934.

Rehearing Denied June 30, 1934.

Henry S. Johnston, E. S. Lowther, M. B. Cope, and Scott Ferris, for plaintiffs in error.

Harry C. Kirkendall, for defendant in error.

McNEILL, J.  This action involves the question of whether the owner of a certificate

of deposit issued by a state bank can have the same allowed as a preferred claim out of the assets of said bank after said bank has failed and is in the hands of the State Bank Commissioner for liquidation.

It appears that plaintiff received a certificate of deposit on November 1, 1930, in the amount of $2,000, issued by the Farmers State Bank of Marshall, Okla.; that on December 1, 1930, plaintiff indorsed and delivered the same to J. C. Todd of Enid, Okla., in settlement of a personal transaction between her and said Todd relating to the purchase of 20 shares of stock of Oklahoma Natural Gas; that on the same day said Todd deposited said certificate of deposit with the Enid Bank & Trust Company of Enid, Okla., for collection; that on December 1, 1930, said Enid Bank & Trust Company forwarded the same to the Farmer's State Bank at Marshall with a letter accompanying said certificate containing these words, "We enclose for collection and return as listed below"; that said certificate was received by the Farmers State Bank of Marshall sometime between December 1, and December 5, 1930; that on December 5, 1930, the Farmers State Bank of Marshall, after receiving said certificate from said Enid Bank & Trust Company, issued its draft on the First National Bank of Guthrie, its correspondent bank, payable to the Enid Bank & Trust Company in the amount of $2,000. marked said certificate of deposit paid, entered upon its cash book an item $2,000 for the payment of said certificate of deposit, and then forwarded said draft to the said Enid bank.

The trial court in its findings of fact at this stage of the proceedings found:

"That at the time, or about the same time, it executed its draft in the sum of $2,000 drawn on the First National Bank of Guthrie, its correspondent bank, and transmitted the same by mail to the Enid Bank & Trust Company and returned to it the letter which had been sent to the Farmers State Bank of Marshall by the Enid Bank & Trust Company transmitting the certificate of deposit; that the Enid Bank & Trust Company, in due course, sent this draft to the First National Bank & Trust Company at Oklahoma City, which transmitted it to the Federal Reserve Bank at Oklahoma City, and about the 8th or 9th of December, the draft was received by the First National Bank at Guthrie, Okla., on which the draft was drawn and which was the correspondent bank of the Farmers State Bank of Marshall. In the meantime the Farmers State Bank of Marshall failed about the 8th day of December, 1930, and the First National

Bank of Guthrie, upon notification of that fact, refused to pay the draft and returned it through the same channels back to the Enid Bank & Trust Company, which upon its return, notified Mr. Todd that it was unpaid and Mr. Todd in turn notified Mrs. Mewherter that it was unpaid, and the draft was returned to Mrs. Mewherter because of failure to receive the liquidation of it. That afterwards a claim was filed with the State Bank Commissioner's liquidating agent for a preference claim, for the allowance of $2,000 as a preferred claim, which request was refused by the liquidating agent, and later in March was refused by the Bank Commissioner of the state of Oklahoma. It also appears that at the time the entry was made on the books of the Farmers State Bank of Marshall by the cashier that they had more than sufficient cash on hand to pay the certificate of deposit, and that at the time the draft upon the First National Bank of Guthrie was received by the First National Bank of Guthrie it had on deposit to the credit of the Farmers State Bank of Marshall more than $2,000, in fact, in the sum of more than $15,000. It further appears from the testimony that neither the Enid Bank & Trust Company nor Mr. Todd had any checking or depository account on deposit with the Farmers State Bank of Marshall at any of the dates mentioned, and from the testimony it appears that they had no intention to open an account with the Farmers State Bank of Marshall, at any of the dates mentioned. And the relief sought by the plaintiff herein is for the court to adjudge this $2,000 claim to be a preferred claim against the assets of the Farmers State Bank of Marshall."

The trial court in its findings of fact and conclusions of law said:

"Upon this statement of facts the court finds that there was no intention upon the part of any of the parties connected with the money to open an account with the Farmers State Bank of Marshall, a checking account or a depositor's account, and that when the Farmers State Bank of Marshall received the certificate of deposit with instructions from the Enid bank, assignee, to collect and return the proceeds, or for collection and return as the letter of transmittal exactly reads, and the Farmers State Bank of Marshall marked the certificate of deposit paid and entered upon its books a notation showing that on the 5th day of December, 1930, it had been paid, that it closed the transaction so far as the bank and Mrs. Mewherter were concerned, or her assignees, and there was no longer any relation of debtor and creditor existing as between her and the Farmers State Bank of Marshall. or as between her and Mr. Todd or the Enid Bank & Trust Company, or any of the intermediate assignees, and that inasmuch as the transaction was closed, and it simply

remained for the Guthrie bank, the First National Bank of Guthrie, to honor the draft that had been issued in payment of the certificate of deposit, the court finds that it was the duty of said bank to have honored that draft and charged it to the correspondent bank, the Farmers State Bank of Marshall, with the amount thereof, and as a conclusion of law the court finds that it should have the status of a preferred claim inasmuch as the relation of principal and agent existed between the parties."

The findings of fact and conclusions of law have been prepared with care and accuracy. The real question to determine is whether or not the relationship of principal and agent existed between plaintiff and Farmers State Bank at Marshall, or whether that relationship was that of debtor and creditor. If the relationship of principal and agent existed, then the judgment of the trial court is correct, otherwise it should be reversed. We hold that the relationship of principal and agent existed.

The letter which enclosed the item specifically stated that it was enclosed "for collection and return as listed below."

In the case of Householder v. Cantley, State Finance Commissioner, 27 S. W. (2d) 1034, the Missouri Court of Appeals considered a case similar to the instant action.

The holder of a time certificate of deposit on the day preceding the failure of the bank surrendered the time certificate to the bank and demanded payment. The bank issued to her a draft on another bank and payment thereon was refused because of the failure of the issuing bank. It was held by the court that the holder of the draft was entitled to payment in full out of the assets of the failed bank provided that the bank against which the draft was drawn had sufficient funds to pay said draft.

In the body of the opinion the court said:

"There is no controversy between the parties to this litigation, as to the law of the case. Both parties cite the same cases, Bank of Poplar Bluff v. Millspaugh, 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754, and Federal Reserve Bank v. Millspaugh, 314 Mo. 1, 282 S. W. 706. As we understand these cases, the courts hold that if the draft is issued under circumstances as here shown, and if the evidence shows that the issuing bank had sufficient funds on hand or in the bank drawn on to pay the draft, and the draft is not paid, and the funds not so paid on said draft go into the hands of the liquidating officer, it is deemed a trust fund held by him, and the claim is entitled to be allowed as a preference."

It appears that the Farmers State Bank at Marshall had sufficient cash on hand to pay the certificate of deposit which was presented to it, and that the Farmers State Bank had sufficient funds on hand in its correspondent bank, First National Bank at Guthrie, to pay the draft when presented. The draft was not paid and the funds falling into the hands of the Bank Commissioner constituted a trust fund, which was entitled to be paid as a preference claim. When the Enid Bank & Trust Company sent the draft direct to the bank at Marshall for collection, the bank at Marshall when it issued its draft was then acting as the agent for said Enid bank.

In the case of People's State Bank of Le Roy v. Burlington State Bank (Kan.) 277 P. 39, the Supreme Court of Kansas considered an action by a bank to establish a preferred claim to assets in the hands of a receiver of a failed bank. In that case, the court held:

"The sending by plaintiff of a draft on a third bank to the failed bank for 'returns' constituted the failed bank agent to collect and return the proceeds of collection, and the relation created was fiduciary in character; when the collection was made the proceeds constituted a trust fund, and the assets of the failed bank available for distribution among creditors were not increased; the proceeds of the collection were so used by the failed bank's city correspondent that the estate of the failed bank, which came into the hands of the receiver from the correspondent, was increased by the amount of the fund; and a preferred claim was properly allowed."

In the body of the opinion, it was said:

"The intention involved, however, in the custom of banks to send items 'for collection and remittance,' or 'for collection and returns,' or 'for returns,' is that whatever method of remittance or return the collecting bank chooses, the method must result in producing cash or the equivalent of cash to the sender."

In the case of Shull v. Beasley, 149 Okla. 106, 299 P. 149, this court, speaking through Mr. Justice Andrews, analyzed the distinction in reference to relationship of debtor and creditor and that of principal and agent. In that case, this court said:

"The relationship of debtor and creditor does not arise out of the matter of remitting the proceeds of the collection but out of the direction of the forwarding bank to the collecting bank as to how the remittance should be made. If the directions are to remit the proceeds collected, the relationship is that of principal and agent, but, if the directions

are to remit funds that are not proceeds collected, but funds belonging to the collecting bank and deposited in some other bank, then it cannot be said that the relationship of principal and agent continues and the relationship of debtor and creditor must exist when the collection has been made and the draft drawn and forwarded as shown by the record in this case."

For other cases relating to the question of principal and agent, see: Hall v. Sullivan, 123 Okla. 233, 253 P. 45; Kansas Flour Mills v. New State Bank, 124 Okla. 185, 256 P. 43; Thomas v. Mothersead, 128 Okla. 157, 261 P. 363; State ex rel. Mothersead v. Excello Feed Milling Co., 131 Okla. 100, 267 P. 833; First State Bank of Bristow v. O'Bannon, 130 Okla. 206, 266 P. 472; and American Exchange Bank of Henryetta v. Arcady Farms Milling Co., 165 Okla. 56, 24 P. (2d) 1002.

We are of the opinion that these cases control the facts set forth in the instant cases, and that the trial court has very properly held that the claim in question should have the status of a preferred claim, inasmuch as the relation of principal and agent existed between the parties.

Judgment affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur.