## TRIGG v. FARMERS STATE BANK et al.

No. 23668.·  Feb. 26, 1935.

William T. Rye, for plaintiff in error.

M. B. Cope, Scott A. Ferris, and Richard L. Wheatley, for defendants in error.

PHELPS, J.  W. Hall Trigg, plaintiff herein, owned a tract of land in Craig county, Okla., which he desired to sell.  M. M. Gearin was procured as a purchaser for a cash consideration of $2,100.  On the 4th day of June, 1929, they entered into a written contract for the sale and purchase of the land, and the contract, together with deed and Gearin's check for $500, as an initial payment on the purchase price, were deposited in the Farmers State Bank of Vinita with the understanding that the balance of the purchase price should be paid when the title was cleared.  Title requirements having been completed, on October 7, 1929, Gearin and the agent of Trigg went to the bank and there Gearin delivered to the cashier of the bank a check payable to the bank for $2,100, the full consideration, taking up and destroying the $500 check previously left there.  The $2,100 check was charged against Gearin's account in the bank and the deed was delivered and recorded.  Out of this $2,100 the cashier of the bank, by his personal check, paid the real estate agent $175 as his commission for making the sale.  He also paid $100 to satisfy a mortgage against the land.  He paid the abstracting fee and the taxes, leaving a balance of $1,796.15 due Trigg.

It appears that Trigg was a resident of the state of Missouri and this money was never sent to him.  The bank became insolvent and was taken over by the State Bank Commissioner on May 16, 1930.  A claim was filed by Trigg for the amount due, and when payment was refused suit was brought in the district court of Craig county in which Trigg claimed that the money was deposited as a trust fund, and he prayed for judgment ordering the Bank Com-

missioner to pay the same. Judgment was for defendants and the case appealed here.

The sole question to be here determined is whether the $1,796.15 was a trust fund in the hands of the bank at the time it closed its doors, for the payment of which plaintiff should be given a preference.

The burden was upon the plantiff to prove the material allegations of his petition. This, in our opinion, he wholly failed to do. The bank records fail to show what became of the money. The records of the bank are silent as to what the cashier did with the money. When the Bank Commissioner took charge of the bank there was no money credited to the account of W. Hall Trigg, and there is nothing to show that this money was part of the assets of the bank at the time the Bank Commissioner took it over.

In Kansas Flour Mills Co. v. New State Bank of Woodward, 124 Okla. 185, 256 P. 43, this court laid down the rule that:

"Before a claim can be allowed as a preferred claim against the State Bank Commissioner in charge of an insolvent bank, it is necessary to establish, first, that the claim in question is a trust fund; and second, that the fund in some form was a part of the assets of the bank which passed into the hands of the Commissioner."

This rule was followed by this court in Thomas v. Mothersead, 128 Okla. 157, 261 P. 363. It reiterated this rule in First State Bank of Bristow v. O'Bannon, 130 Okla. 206, 266 P. 472, and again emphasized this rule in Mothersead v. Harris, 148 Okla. 285, 298 P. 602. This court adhered to this rule in Moon Motor Car Co. v. State ex rel. Shull, 149 Okla. 190, 1 P. (2d) 358.

This question is so well settled in this state that we deem further citations of authorities or comment thereon unnecessary.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, GIBSON, and CORN, JJ., concur.